**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| FLOR MARIA HERRERA-ESCOBAR, | No. 08-70321 |
| Petitioner, | Agency No. A200-101-140 |
| v. | |
| ERIC H. HOLDER Jr., Attorney General, | MEMORANDUM [*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted December 15, 2009 [**]

Before:    GOODWIN, WALLACE, and FISHER, Circuit Judges.

Flor Maria Herrera-Escobar, a native and citizen of El Salvador, petitions for

review of the Board of Immigration Appeals' ("BIA") order dismissing her appeal

from an immigration judge's decision denying her application for asylum,

---

[*]    This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]    The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

withholding of removal, and relief under the Convention Against Torture ("CAT").

We have jurisdiction under 8 U.S.C. § 1252. We review de novo questions of law,

*Cerezo v. Mukasey*, 512 F.3d 1163, 1166 (9th Cir. 2008), except to the extent that

deference is owed to the BIA's determination of the governing statutes and

regulations, *Simeonov v. Ashcroft*, 371 F.3d 532, 535 (9th Cir. 2004). We review

factual findings for substantial evidence. *Zehatye v. Gonzales*, 453 F.3d 1182,

1184-85 (9th Cir. 2006). We deny the petition for review.

We agree with the BIA's conclusion that, even assuming Herrera-Escobar

testified credibly, she is not eligible for asylum based on her membership in a

particular social group, namely, bus employee cashiers who resist criminal gang

extortion. *See Barrios v. Holder*, 581 F.3d 849, 854-56 (9th Cir. 2009) (rejecting

as a particular social group "young males in Guatemala who are targeted for gang

recruitment but refuse because they disagree with the gang's criminal activities");

*Santos-Lemus v. Mukasey*, 542 F.3d 738, 745-46 (9th Cir. 2008) (rejecting as a

particular social group "young men in El Salvador resisting gang violence")

(internal quotation omitted). Further, substantial evidence supports the agency's

finding that Herrera-Escobar did not demonstrate the threats she experienced from

gang members demanding money established past persecution or a well-founded

fear of future persecution on account of her political opinion. *See Santos-Lemus*,

542 F.3d at 746-47; *see also Parussimova v. Mukasey*, 555 F.3d 734, 740-41 (9th Cir. 2009) (a protected ground has to be "one central reason" for persecution). Accordingly, because Herrera-Escobar failed to demonstrate that she was persecuted on account of a protected ground, we deny the petition as to her asylum and withholding of removal claims. *See Barrios*, 581 F.3d at 856.

Herrera-Escobar does not raise any arguments in her opening brief regarding the agency's denial of her CAT claim. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not supported by argument are deemed waived).

**PETITION FOR REVIEW DENIED.**